## Commonwealth v. Erdley

*Frederick L. John II,* for Commonwealth.
*Joseph F. Caruso,* for defendant.

NICKLEACH, *P.J.,* March 23, 2005—Before the court for disposition is defendant's omnibus pretrial motion in the form of a motion to suppress. Defendant is charged with one count of driving under the influence of alcohol or controlled substances, 75 Pa.C.S. §3802 (c), and one count of driving on right side of roadway, 75 Pa.C.S. §3301(a), a summary offense. The court conducted an evidentiary hearing on January 26, 2005, at which time the parties agreed to submit the case on the basis of a transcript of proceedings before District Justice Martha Medich on July 21, 2004, and briefs from counsel.

## FACTS

At the district justice hearing, the arresting officer, Patrolman Donald Blose of the Kittanning Police Department, testified as follows. He was patrolling in an unmarked police vehicle at 4:30 a.m. on Sunday, May 23, 2004. While traveling north in the 100 block of South Grant Avenue, Blose observed a Dodge truck backing out about five feet from its parking space in the

County Seat Bar parking lot. The truck bumped the adjacent solid stone wall of the bar with its rear bumper.

Blose estimated that the vehicle was traveling at three to five miles per hour at the time it bumped into the wall. The officer was about 15 to 25 yards from the vehicle when he observed this incident and heard no impact from the bump. He did not observe any damage to the bumper or to the wall when he later examined them.

Blose turned his car around to initiate a traffic stop of the truck for violating 75 Pa.C.S. §3702—Limitations on backing. The truck exited the parking lot and proceeded south on South Grant Avenue. At that point, Blose activated his vehicle's blue and red lights to stop defendant's truck. Blose followed the truck down Grant. The vehicle turned onto Jacob Street heading west. Blose observed the truck traveling in the eastbound lane of Jacob Street while heading west, a violation of 75 Pa.C.S. §3301(a).

The truck accelerated, turned south on South McKean Street and onto a dead-end road which served as a driveway. It stopped at the end of the driveway. The defendant exited the vehicle as Blose approached. He began to speak, saying he had messed up because he was trying to make it home to get to work. Blose said he could detect a strong odor of alcohol coming from the defendant's breath as he spoke. He also noticed that the defendant was having difficulty standing as he was talking to the police and when he walked toward the back of the truck.

Blose arrested the defendant, placed him in the police vehicle, read him his chemical testing rights and

transported him to Armstrong County Memorial Hospital for chemical testing. The defendant's blood was drawn at 5:13 a.m. Testing revealed that the blood alcohol content was .188 percent.

At the preliminary hearing, Blose testified that he had stopped defendant's vehicle for violating section 3702[1] of the Pennsylvania Vehicle Code regarding limitations on backing. However, the defendant was never charged with that violation.

## DISCUSSION

The authority of a police officer to stop a vehicle for a suspected violation of the Motor Vehicle Code is governed by 75 Pa.C.S. §6308(b), which states:

"*(b) Authority of police officer.*—Whenever a police officer . . . has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purposes of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title."

The previous version of section 6308(b) used the language "articulable and reasonable grounds to suspect a violation of this title." The new version of section 6308(b), which became effective February 1, 2004, appears to create a less stringent standard for making a

---

1. Section 3702 states in pertinent part, "No driver shall back a vehicle unless the movement can be made with safety and without interfering with other traffic and then only after yielding the right-of-way to moving traffic and pedestrians." 75 Pa.C.S. §3702(a).

lawful traffic stop. However, in view of the Pennsylvania Supreme Court's ruling in *Commonwealth v. Gleason*, 567 Pa. 111, 117-22, 785 A.2d 983, 987-89 (2001), that the probable cause standard applies to traffic stops under the Fourth Amendment to the U.S. Constitution, regardless of whatever other statutory language authorizes such stops, it appears that probable cause continues to be the applicable standard and the court will apply that standard here.

In this case, defendant contends that the police officer lacked probable cause to stop him for violating section 3702 or any other section of the Vehicle Code at the time he turned on his lights to pull the defendant over. The court agrees.

Section 3101(a) of the Vehicle Code states:

*"(a) General rule.—Except as provided in subsection (b), the provisions of this part relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways* except where a different place is specifically referred to in a particular provision.

*"(b) Serious traffic offenses.—The provisions of* section 3345 (relating to meeting or overtaking school bus), *subchapter B of chapter 37 (relating to serious traffic offenses) and chapter 38* (relating to driving after imbibing alcohol or utilizing drugs) *shall apply upon highways[2] and trafficways[3] throughout this Commonwealth."* 75 Pa.C.S. §3101. (emphasis added)

---

2. Section 102 defines "highway" as "[t]he entire width between the boundary lines of every way *publicly maintained* when any part thereof is open to the public for purposes of vehicular travel." 75 Pa.C.S. §102. (emphasis added)

3. Section 102 defines "trafficway" as "[t]he entire width between property lines or other boundary lines of every way or place of which

The County Seat Bar parking lot is a "trafficway." [4] It is clearly not a "highway." Police are not authorized to make a traffic stop for a backing violation unless this violation occurs on a "highway." 75 Pa.C.S. §3101. Therefore, Patrolman Blose lacked the authority to stop defendant's vehicle at the time he first turned on his lights to pull the defendant over. Even if Blose had intended to cite defendant for careless driving, he still would have lacked the requisite authority to stop defendant, because, like limitations on backing, careless driving is a summary offense contained in subchapter A of chapter 37. See 75 Pa.C.S. §3714, careless driving.

As the Commonwealth has not met its burden of showing that it had probable cause to make the initial stop of defendant, defendant's motion to suppress is granted. [5]

An appropriate order will be entered.

---

any part is *open to the public* for purposes of vehicular travel *as a matter of right or custom.*" 75 Pa.C.S. §102. (emphasis added)

4. See *Commonwealth v. Cozzone,* 406 Pa. Super. 42, 593 A.2d 860 (1991), *rearg. denied,* July 30, 1991 (condominium parking lot to which public access was not restricted was a "trafficway"); *Commonwealth v. Proctor,* 425 Pa. Super. 527, 625 A.2d 1221 (1993), *appeal denied,* 535 Pa. 661, 634 A.2d 223 (1993) (parking lot of shopping mall open to public was "trafficway" for purposes of DUI arrest).

5. Under the foregoing analysis, it is doubtful that Officer Blose, given what he saw in the parking lot, even possessed reasonable suspicion that the Vehicle Code was being violated. 75 Pa.C.S. §6308(b).

## ORDER

And now, March 23, 2005, upon consideration of defendant's omnibus pretrial motion in the nature of a motion to suppress, it is ordered, adjudged and decreed that said motion be and is hereby granted. It is further ordered, adjudged and decreed that all evidence obtained as a result of the illegal stop be and hereby is suppressed.